**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| WANDA RIVERA-GARCIA,<br><br>    Plaintiff,<br><br>       v.<br><br>SPRINT PCS CARIBE, ET AL.,<br><br>    Defendants. | CIV. NO. 09-1813 (PG) |

**OPINION AND ORDER**

Pending before the Court are several motions to dismiss and motions for judgment on the pleadings filed by the parties. The first is a motion to dismiss (Docket No. 11) filed by the Conjugal Partnerships composed by defendant Juan Rodriguez and his wife Kydiam Castillo and defendant Evelyn Davila and her husband Jose Luis Velez. Defendants Sprint PCS Caribe, Patricia Eaves, Juan Rodriguez and Evelyn Davila have also filed two motions for judgment on the pleadings (Docket No. 19; Docket No. 24). Finally, the plaintiff has entered a motion requesting the voluntary dismissal of the claims against co-defendant Efren Pagan and Conjugal Partnership Pagan-Eaves (Docket No. 12) and a motion for partial voluntary dismissal without prejudice (Docket No. 22).

**I. BACKGROUND**

On August 17, 2009, plaintiff Wanda Rivera-Garcia ("Rivera" or "Plaintiff") filed the instant claim against defendants Sprint PCS Caribe ("Sprint") and Sprint Nextel Corporation; Patricia Eaves ("Eaves") and the Conjugal Partnership Pagan-Eaves[1]; Juan O. Rodriguez ("Rodriguez") and Conjugal Partnership Rodriguez-Castillo; Evelyn Davila ("Davila") and Conjugal Partnership Velez-Davila. See *Complaint*, Docket No. 1. In her complaint, the Plaintiff seeks redress for the alleged sexual harassment, sex discrimination, retaliation, hostile work environment, unlawful employment termination, and other discriminatory practices she was subjected to during the course of her employment with Sprint. Id. Rivera alleges defendants' actions violated Title

---

[1] Plaintiff Rivera has moved for voluntary dismissal of her claims against co-defendants Efren Pagan and Conjugal Partnership Pagan-Eaves. See Docket No. 12. Her request is thus **GRANTED** and partial judgment dismissing the claims against the named defendants with prejudice shall be entered accordingly.

CIV. NO. 09-1813 (PG)                                                    Page 2

VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq.* ("Title VII"); Puerto Rico's sexual harassment statute, Law No. 17 of April 22, 1988 ("Law No. 17"), P.R. LAWS ANN. tit. 29, § 155a, *et seq.*; Puerto Rico's wrongful termination statute, Law No. 80 of May 30, 1976 ("Law No. 80"), P.R. LAWS ANN. tit. 29, § 185, *et seq.*; Puerto Rico's retaliation statute, Law No. 115 of December 20, 1991 ("Law No. 115"), P.R. LAWS ANN tit. 29, § 194, *et seq.*; Puerto Rico's anti-discrimination statute, Law No. 100 of June 30, 1959 ("Law No. 100"), P.R. LAWS ANN. tit. 29, § 146, *et seq.*; Puerto Rico's sex discrimination statute, Law No. 69 of July 6, 1985 ("Law No. 69"), P.R. LAWS ANN. tit. 29 § 1321, *et seq.*; and Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 5141 ("Article 1802").

It is uncontested that Sprint was Rivera's employer at all times relevant herein. See Docket No. 6 at ¶ 2.4. Co-defendant Eaves is the General Manager of Sprint in Puerto Rico; co-defendant Rodriguez is one of Sprint's two (2) District Managers in Puerto Rico, see Docket No. 1 at ¶ 2.12; and, co-defendant Davila is Sprint's Human Resources Manager, see id. at ¶ 2.15.

In 2001, Sprint hired Plaintiff as an Assistant Manager and she was promoted shortly thereafter to Store Manager. It is uncontested that Rivera received salary increases several times, and that among other duties, the Plaintiff trained Sprint's sales personnel and managers. It is also admitted that Rivera and the stores she managed received several distinctions for sales performance. See Docket No. 6 at ¶ 3.4.

On or about January of 2004, co-defendant Rodriguez became Retail Sales Manager for Sprint, as well as Rivera's direct supervisor. According to Plaintiff, from the beginning, Rodriguez's attitude towards her was offensive, hostile and unprofessional. Rivera alleges that he began a pattern of sexual harassment consisting of sexual advances and innuendos. And although Rivera made it clear to Rodriguez that these were unwelcome and asked him to stop, his unlawful behavior escalated instead. See Docket No. 1 at ¶ 3.8. Rivera also alleges that she received a verbal warning about her management duties from Rodriguez for the first time since she began her employment at Sprint. See Docket No. 1 at ¶ 3.9.

According to Rivera, despite informing Davila, Sprint's Human Resources Manager, of the situation, her complaints were ignored. Plaintiff contends that Rodriguez berated her for calling Human Resources and ordered her to take two weeks of vacation time. Upon her return, she claims he transferred her to

CIV. NO. 09-1813 (PG)                                                    Page 3

the Fajardo store, which is much farther away from Rivera's home, and at the time, did not have the necessary permits to operate until six months after opening. According to Rivera, the Fajardo store did not have running water or electricity, and at one point, the store was robbed at gunpoint on December 2004. Rivera claims that because she did not acquiesce to Rodriguez unwelcome conduct, he continued to reprimand her for the shortcomings in the Fajardo store and the employees' complaints, which Rivera contends were not her fault.

During her employment at Sprint, Rodriguez allegedly continued his unwelcome sexual advances and innuendos and made several offensive comments of sexual nature. When Rivera rebuffed Rodriguez, he continued to reprimand her for situations that she claims were out of her control and which Davila barred Rivera from refuting. According to Rivera, when she inquired the nature of the complaints against her in order to address them, Rodriguez and Davila refused to provide any information. Rivera alleges that she eventually became afraid of placing another grievance against Rodriguez, because when she did, Davila failed to act upon Rivera's complaints and instead informed Rodriguez. This situation eventually led to Rodriguez retaliating against Rivera.

Rivera further alleges that her stress levels were so high that she developed several physical conditions that required staying at home to rest. Notwithstanding, she claims Rodriguez barred her from taking sick leave.

On or about July 2005, Rivera was transferred to the San Patricio store, and to the El Escorial store thereafter. However, on or about September 28, 2007, Rivera was transferred again to the Fajardo store. This transfer was allegedly once again in retaliation for not accepting Rodriguez's unwelcome sexual advances.

According to the allegations in the complaint, on September 29, 2007, Plaintiff called co-defendant Eaves to report the situation with Rodriguez. Rivera left a message for Eaves, who in turn, forwarded the message to Rodriguez for him to deal with the situation.

Thereafter, on December 4, 2007, Rivera called Davila and requested a meeting, which was set for the next day. However, once again, Davila allegedly informed Rodriguez of Rivera's call. After Davila cancelled their meeting, Rivera called Sprint's Ethic Line on December 5, 2007 and filed a formal grievance against Rodriguez for sexual harassment. Davila then set an appointment with Plaintiff and Eaves for December 7, 2007 wherein Rivera informed them of the situation. After the meeting, Rivera began reporting to a different supervisor, Ana Franco. However, over a month elapsed and

CIV. NO. 09-1813 (PG)                                                    Page 4

Plaintiff allegedly did not receive any response to the grievance she had filed.

Rivera claims she was summoned to a meeting with Eaves on January 15, 2007 in which she was reprimanded because of certain employee complaints against her. However, Eaves allegedly refused to say which employees had purportedly complained against Rivera, or the nature of their alleged complaints. Rivera was then issued a final warning and warned that she would be fired if there was one more complaint against her.

On February 1, 2008, Plaintiff was assigned to the Catalinas Mall store in Caguas, Puerto Rico and continued to be supervised by Ana Franco. However, on February 20, 2008, Rivera received a call ordering her to report to Sprint's headquarters, where Eaves and Franco summarily fired Rivera.

According to Plaintiff, a timely charge of employment discrimination on the basis of sex discrimination, sexual harassment and retaliation was filed with Puerto Rico Department of Labor's Anti-Discrimination Unit ("ADU"), which notified of it to the Equal Employment Opportunity Commission ("EEOC") on June 5, 2008. See Docket No. 1 at ¶ 14. On May 25, 2009, Rivera received her Notice of Right to Sue from the EEOC, issued on May 20, 2009.

On August 17, 2009, Plaintiff filed the instant claim and on October 16, 2009, defendants Sprint, Davila, Eaves and Rodriguez answered the complaint (Docket No. 6). Shortly after, on October 30, 2009, defendants Conjugal Partnership Rodriguez-Castillo and Conjugal Partnership Doe-Davila filed the pending motion to dismiss (Docket No. 11) requesting that the claims against the conjugal partnerships be dismissed. The Plaintiff opposed said motion, but also requested that the claims against co-defendants Efren Pagan and Conjugal Partnership Pagan-Eaves be voluntarily dismissed. See Docket No. 12. Then, on February 9, 2010, the defendants filed a motion for judgment on the pleadings (Docket No. 19) requesting that the claims pursuant to Article 1802 be dismissed against all defendants inasmuch as they are time-barred. In response, the Plaintiff filed a motion for partial voluntary dismissal requesting that her tort-based claims pursuant to Article 1802 be dismissed *without* prejudice. See Docket No. 22. The defendants replied opposing the dismissal without prejudice of these claims and reiterating their request for dismissal of the claims against the conjugal partnerships. See Docket No. 24. On April 22, 2010, the individual defendants, namely, Eaves, Rodriguez and Davila, filed a motion for judgment on the pleadings requesting that the Title VII and Law No. 80 claims against them be dismissed and that the Plaintiff be

CIV. NO. 09-1813 (PG)                                                    Page 5

ordered to reimburse them the fees incurred in the filing of this motion. See Docket No. 25. This motion remains unopposed.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief. … This short and plain statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted).

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). When ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted). "Yet [the court] need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009)). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations, … , a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

Moreover, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege a plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing

Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

**B. Motion for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." "The standard for evaluating a motion to dismiss is the same as that for a motion for judgment on the pleadings." Remexcel Managerial Consultants, Inc. v. Arlequín, 583 F.3d 45, 49 n. 3 (1st Cir.2009); see also Marrero-Gutiérrez v. Molina, 491 F.3d 1, 5 (1st Cir.2007). Therefore, "[t]he trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir.2005) (quoting Rivera-Gómez v. de Castro, 843 F.2d 631, 635 (1st Cir.1988)). "[T]o survive a motion to dismiss (or a motion for judgment on the pleadings), the complaint must plead facts that raise a right to relief above the speculative level, … , such that the entitlement to relief is plausible … ." Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir.2009) (internal citations omitted).

### III. DISCUSSION

**A. Title VII and Law No. 80 Claims against Individual Defendants**

Defendants Eaves, Rodriguez and Davila request the dismissal of the Title VII and Law No. 80 claims against them. See Docket No. 25. This motion stands unopposed.

As properly set forth by the defendants, the First Circuit Court of Appeals has held that "Title VII does not create liability against individual employees." Agusty-Reyes v. Dept. of Educ. of Puerto Rico, 601 F.3d 45, 47 n. 1 (1st Cir.2010) (citing Fantini v. Salem State Coll., 557 F.3d 22, 28-31 (1st Cir.2009)). And with regards to Plaintiff's claim of wrongful discharge

CIV. NO. 09-1813 (PG)                                                    Page 7

pursuant to Law No. 80, this Court has previously held that "there is no individual supervisor liability under the local wrongful discharge statute, Law No. 80." Rivera Maldonado v. Hospital Alejandro Otero Lopez, 614 F.Supp.2d 181, 197 (D.P.R. 2009) (internal citations omitted).

In addition to their request for dismissal of these claims, the individual defendants move this Court to order Plaintiff to pay the attorney fees incurred in the filing of this motion. See Docket No. 25 at page 5-6. According to the appearing defendants, their attorney sent a letter to Plaintiff's attorney requesting that Plaintiff file a motion for voluntary dismissal of her claims under Title VII and Law No. 80 against the individual defendants inasmuch as these were without merit. Plaintiff's attorney was also advised as to defendants' intention to file a request for attorney's fees if Plaintiff refused to comply with their request. See id.

The Court, under certain conditions, may impose an appropriate sanction upon the attorney, law firm, or party that has violated subdivision (b) of Federal Rule of Civil Procedure 11. "Rule 11(b) proscribes not only written arguments made with any improper purpose, but also advancing frivolous arguments, as well as the assertion of factual allegations without evidentiary support or the likely prospect of such support." Rivera-Feliciano v. State Ins. Fund Corp., 652 F.Supp.2d 170, 187 (D.P.R. 2009) (quoting Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F.3d 17, 32 (1st Cir.2009)). The First Circuit Court of Appeals has held that Rule 11(b) is not a strict liability provision and a showing of at least culpable carelessness is required before a violation of the Rule can be found. See Citibank Global Markets, Inc., 573 F.3d at 32 (internal citations omitted). The First Circuit has also been "careful to make clear that the mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition or Rule 11 sanctions." Id.

Moreover, pursuant to Rule 11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct alleged to violate subdivision (b)." FED.R.CIV.P. 11(c)(2). Rule 11 also contains a "safe harbor" provision that requires movants to first serve the opposing counsel or party with the motion for sanctions in accordance with Rule 5, and only present such motion to the court if the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected within 21 days after service of the motion. See id. "[T]he object of the safe harbor is to allow a party to privately withdraw a

questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation." Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 39 (1st Cir.2005).

With the above-stated standards in mind, this Court finds that although defendants here may have a valid claim for sanctions, they failed to follow the procedures specified in Rule 11. See Lancaster v. Zufle, 170 F.R.D. 7 (S.D.N.Y.1996) (letter sent by defendant's counsel to plaintiff's counsel, which requested that plaintiff consider withdrawing lawsuit, was not equivalent of compliance with Rule 11's safe harbor provision, since the plain language of rule expressly requires serving of formal motion). In addition to not properly serving Plaintiff with the required motion, the form of their request is also defective. Defendants merely inserted their request for sanctions in their motion to dismiss instead of serving Plaintiff with a separate motion for sanctions and then filing it twenty-one (21) days later with the Court. Because defendants failed to comply with the "safe harbor" provision in Rule 11, their request for sanctions is hereby **DENIED**. See Esso Standard Oil Co. v. Rodriguez Perez, No. 01-2012, 2005 WL 114080 at *10 (D.P.R. Jan. 20, 2005) (failure to comply with the safe harbor provision justifies denial of the motion for sanctions).

Accordingly, the individual defendants' motion to dismiss (Docket No. 25) is hereby **GRANTED IN PART AND DENIED IN PART**, and thus, the claims under Title VII and Law No. 80 against the individual defendants are hereby **DISMISSED WITH PREJUDICE**.

**B. Article 1802 Claim**

Defendants Sprint, Eaves, Rodriguez and Davila filed a motion for judgment on the pleadings requesting that the damages claim against them pursuant to Article 1802 be dismissed inasmuch as it is time barred. See Docket No. 19. In response, the Plaintiff filed a motion for voluntary dismissal without prejudice of this claim. See Docket No. 22. The moving defendants replied requesting that the dismissal be with prejudice instead, see Docket No. 24, and this Court agrees.

The statute of limitations for tort actions pursuant to Article 1802 is one year. See P.R. LAWS ANN. tit. 31, § 5298; see also Arturet Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 12 (1st Cir.2005). The one year period begins to run once "the claimant is on notice of her claim; that is, notice of the injury, plus notice of the person who caused it." Id. at 14. (internal quotations omitted); see also Rodriguez-Suris v. Montesinos, 123 F.3d 10, 13

CIV. NO. 09-1813 (PG)                                                    Page 9

(1st Cir. 1997). However, "the Supreme Court of Puerto Rico has ruled that the filing of an administrative complaint will not toll the running statute of limitations for tort actions nor violations of constitutional rights, provided that an administrative agency, such as the … EEOC, does not possess jurisdiction over such matters." Sanchez Ramos v. Puerto Rico Police Dept., 392 F.Supp.2d 167, 181 (D.P.R. 2005) (quoting Cintron v. E.L.A., 127 P.R. Dec. 582, 595 (1990); Delgado Rodriguez v. Nazario, 121 P.R. Dec. 347 (1988); Leon-Nogueras v. Univ. of Puerto Rico, 964 F.Supp. 585, 588-89 (D.P.R. 1997)). See also Vazquez Vazquez v. Checkpoint Systems of Puerto Rico, Inc., 609 F.Supp.2d 217, 222 (D.P.R. 2009).

In the instant case, the last act complained of by the Plaintiff took place on the day of her allegedly illegal termination on February 20, 2008. After filing the corresponding administrative claims, she filed a complaint before this Court on August 17, 2009. In accordance with the applicable caselaw, the filing of administrative charges did not toll the one-year statute of limitations. Since Plaintiff filed the present claim approximately a year and a half after her discharge from Sprint, at which time she clearly had knowledge of her injury, her tort claim under Article 1802 is untimely filed. Therefore, Plaintiff's motion for voluntary dismissal without prejudice (Docket No. 22) is **DENIED**, and the moving defendants' motion for judgment on the pleadings and motion to dismiss (Dockets No. 19, 24) are **GRANTED**. Consequently, Rivera's Article 1802 claim is **DISMISSED WITH PREJUDICE**.

**C. Claims against Conjugal Partnerships**

In their motion to dismiss, co-defendants Conjugal Partnerships Rodriguez-Castillo and Velez-Davila request the dismissal of the claims against them inasmuch as the statutes pursuant to which the complaint is filed do not allow for claims against the individual defendants' conjugal partnerships. See Docket No. 11. The Plaintiff opposed this request arguing that the Conjugal Partnerships were not brought to this action as individual defendants but only to the extent that the sued spouses' capital is insufficient to satisfy any judgment entered; therefore, Rivera claims they are indispensable parties to this claim and their dismissal would be improper. See Docket No. 12.

"The conjugal partnership is an entity entirely distinct from the spouses constituting it." Quinones Lopez v. Manzano Pozas, 141 P.R. Dec. 139, 166 (1996) (internal citations omitted). The Puerto Rico Civil Code provides that the payment of fines or of pecuniary penalties imposed on one of the

CIV. NO. 09-1813 (PG)                                                  Page 10

spouses shall not be borne by the conjugal partnership. See P.R. Laws Ann. tit. 31, § 3663. "This is so because fines - economic sanctions imposed for the commission of public offenses - are personal in nature and should be paid by the convicted or fined spouse and not by the conjugal partnership … ." Quinones Lopez, 141 P.R. Dec. at 167 (internal citations omitted).

"However, in civil extracontractual liability (tort) cases, liability shall be borne personally by the spouse or by the conjugal partnership, according to the facts giving rise to the same." Id. (internal citations omitted). For example, "[t]he conjugal partnership could be held liable for the individual actions of one spouse when the particular facts of the case show that said spouse's activity resulted in an economic gain for the partnership." Id. at 167-168 (internal citations omitted). It thus follows that the conjugal partnership is not liable for the damage caused by one of its members in actions where the partnership reaps no gain. Notwithstanding, there's an exception to this rule: "in the event the defendant spouse does not have enough assets to provide indemnification or assets are insufficient, suit can be brought against the assets of the conjugal partnership." Id. at 169. "In these cases, the conjugal partnership's liability is subsidiary, coming into play only after the private assets of the legally responsible spouse are exhausted." Id. at 170.

The question thus is whether or not the individual defendants' actions in this case did or did not represent a financial gain or benefit for their respective partnerships.

In Rosario-Toledo v. Distribuidora Kikuet, Inc., 151 P.R. Dec. 634, 647-648 (2001), the Supreme Court of Puerto Rico held that Laws No. 17, 69 and 100 provide for the imposition of individual liability upon any agent, official, administrator or supervisor who is responsible for the illegal conduct in the workplace. The Court also found that despite the fact that the individual defendant's acts of sexual harassment took place during his employment, and his employment benefitted the conjugal partnership, it was clear that the individual defendant's intentional acts of harassment were not for the benefit of the conjugal partnership. Id. at 647-648. Consequently, the Court held that a conjugal partnership does not respond for the damages caused by one of the partners who commits acts of sexual harassment. See id. at 648.

Therein, the Supreme Court also stated that, in such a case, a conjugal partnership's responsibility is *subsidiary* to that of the responsible spouse, and only if it's established that the conjugal partnership has sufficient

CIV. NO. 09-1813 (PG)                                                      Page 11

assets to pay for its own debts and obligations, and in any case, once a final judgment is entered against the responsible spouse. See id.

> At the execution of judgment stage, the innocent spouse has the right to be included in the motion for execution of judgment, to be served with said motion, and to be heard in order to protect his/her rights and those of the conjugal partnership prior to a judicial determination as to whether the responsible spouse has insufficient assets to pay for the judgment entered against him/her and the conjugal partnership possesses enough assets to cover its own debts and obligations.

Id. at 648 (translation ours).

Therefore, in accordance with the foregoing, this Court finds that the proper stage wherein to include the responsible party's spouse in representation of the conjugal partnership is the execution of judgment stage once, and if, the sued spouse is found responsible for the alleged wrongdoing pursuant to Puerto Rico anti-discrimination laws.[2] See also Mejias Miranda v. BBII Acquisition Corp., 120 F.Supp.2d 157, 172 (D.P.R. 2000) (holding conjugal partnership's assets will not be found liable for damages caused by one of the partners under Puerto Rico anti-discrimination laws and thus dismissing claims against it).

Consequently, Conjugal Partnerships Rodriguez-Castillo and Velez-Davila motion to dismiss (Docket No. 11) is **GRANTED** and the claims asserted against them are hereby **DISMISSED WITHOUT PREJUDICE.**

## IV. CONCLUSION

For the reasons stated above, the Court reaches the following conclusions:

Plaintiff's motion for voluntary dismissal of claims against co-defendant Efren Pagan and Conjugal Partnership Pagan-Eaves (Docket No. 12) is **GRANTED,** and thus, these claims are **DISMISSED WITH PREJUDICE;**

Eaves, Davila and Pagan's motion to dismiss (Docket No. 25) is hereby **GRANTED IN PART AND DENIED IN PART**, and thus, the claims under Title VII and Law No. 80 against them are hereby **DISMISSED WITH PREJUDICE;**

Plaintiff's motion for voluntary dismissal without prejudice (Docket No. 22) is **DENIED,** and the defendants' motion for judgment on the pleadings

---

[2]The Court notes that Plaintiff's Title VII and Law No. 80 have already been dismissed against all individual defendants, as well as the Article 1802 claim; therefore, the issue now being discussed is moot as to these claims. As a result, the only remaining claims against the individual defendants and, thus, their respective Conjugal Partnerships are the claims pursuant to Puerto Rico Laws No. 17, 69, 100 and 115.

CIV. NO. 09-1813 (PG)                                                    Page 12

and motion to dismiss (Dockets No. 19, 24) are **GRANTED**. Consequently, Rivera's Article 1802 claim is **DISMISSED WITH PREJUDICE**;

Conjugal Partnerships Rodriguez-Castillo and Velez-Davila motion to dismiss (Docket No. 11) is **GRANTED,** and thus, the claims asserted by Plaintiff against them are hereby **DISMISSED WITHOUT PREJUDICE.**
Remaining before the Court are the Title VII and the Puerto Rico Laws No. 17, 69, 80, 100 and 115 claims against Sprint and the Puerto Rico Laws No. 17, 69, 100 and 115 claims against Eaves, Davila and Pagan.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 14, 2010.

                                            S/ JUAN M. PEREZ-GIMENEZ
                                            JUAN M. PEREZ-GIMENEZ
                                            U.S. DISTRICT JUDGE